ANDRÉ BIROTTE JR.
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
CHARLES J. KOVATS, JR. (Cal. Bar No. 184185)
DOROTHY MCLAUGHLIN (Cal. SBN 229453)
Assistant United States Attorneys
     3880 Lemon Street, Suite 210
     Riverside, California 92501
     Telephone: 951-276-6924/6222
     Facsimile: 951-276-6237/6202
     E-Mail: Dorothy.McLaughlin@usdoj.gov
     Email: charles.kovats@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        v.<br><br>MAGDALENO CERVANTES,<br><br>             Defendant. | NO. ED CR 09-11-VAP<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MAGDALENO CERVANTES |

1. This constitutes the plea agreement between Magdaleno Cervantes ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2. Defendant agrees to plead guilty to count one of the indictment in <u>United States v. Magdaleno Cervantes, et al.</u>, ED CR

No. 09-11-VAP.

## NATURE OF THE OFFENSE

3.  In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), the following must be true: (1) defendant entered into an agreement with one or more persons to accomplish an illegal objective, that is, to knowingly and intentionally possess with intent to distribute or distribute a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance; and (2) defendant joined the conspiracy knowing at least one of its objectives and intending to accomplish it.  Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to possess with intent to distribute or distribute at least 50 grams of actual methamphetamine.  Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.  Defendant admits that defendant, in fact, possessed at least 11,690 grams of actual methamphetamine as described in count one of the indictment, which defendant conspired to possess with intent to distribute or to distribute.

## PENALTIES

4.  The statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), as charged in count one of the indictment is: life imprisonment; a lifetime period of supervised release; a fine of $4,000,000, and a $100 mandatory special assessment.

5.   The statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) as charged in count one of indictment is ten years' imprisonment and five years' supervised release.

6.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

8.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.   Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license.

Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

### FACTUAL BASIS

10.  Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 13 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing to at least January 6, 2009, within the Central District of California defendant entered into an agreement with one or more persons to knowingly and intentionally possess with intent to distribute and to distribute at least 50 grams or more of actual methamphetamine, a Schedule II controlled substance.

Among other things, in furtherance of the conspiracy on or about the following dates the following events took place:

On an unknown date, defendant rented a garage converted into living space at an address on Olive Street in San Bernardino.

On November 3, 2008, defendant's co-conspirator, Raul Serrano ("Serrano"), purchased four boxes of ziplock-style sandwich bags from a Walgreen's store located in San Bernardino to be used to package methamphetamine for distribution.

On November 22, 2008, defendant and Serrano possessed approximately 11,690 grams of actual methamphetamine at the Olive Street residence.  Also located in this residence were other items of drug paraphernalia including acetone, denatured alcohol, and mixing bowls that contained the residue of methamphetamine.

On November 25, 2008, defendant possessed approximately 83 grams of actual methamphetamine at a second residence under his control in San Bernardino.

On January 6, 2009, in San Bernardino, Serrano possessed approximately 192 grams of actual methamphetamine in his jacket pocket.

## WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

　　　a) The right to persist in a plea of not guilty.

　　　b) The right to a speedy and public trial by jury.

　　　c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

　　　d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

　　　e) The right to confront and cross-examine witnesses

against defendant.

      f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### SENTENCING FACTORS

12. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

13. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

    Base Offense Level :   38  [U.S.S.G. § 2D1.1(c)(1)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

14. There is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

16. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

17. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all

7

sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

18. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all

other relevant factors under 18 U.S.C. § 3553(a).

       c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

       d) To move to dismiss the information as to defendant filed pursuant to 21 U.S.C. § 851, alleging that defendant previously was finally convicted of a felony drug offense within the meaning of Title 21, United States Code §§ 841 and 851; namely, Possession of a Controlled Substance for Sale, to wit, methamphetamine, in violation of California Health and Safety Code § 11378, on or about April 10, 2007, in the Superior Court of California, County of San Bernardino, Case No. FSB057358, which would have increased the statutory mandatory minimum sentence to 20 years' imprisonment.

<u>BREACH OF AGREEMENT</u>

19.  If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this

agreement.

20. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

18. Defendant gives up the right to appeal the order issued by the Court on defendant's motion to suppress, dated October 26,

2009, and the order issued by the Court on defendant's motion for reconsideration of the Court's 10/26/09 order, dated March 19, 2010.  Defendant also gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 35 and the applicable criminal history category as determined by the Court.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence,  except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

  19.  The USAO gives up its right to appeal the Court's Sentencing Guidelines calculations, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding a total offense level of 35 and the applicable criminal history category as determined by

the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, provided it is not the result of review on appeal of the adverse determination specified in paragraph 2 above, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

21.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the

statutory maximum.

## NO ADDITIONAL AGREEMENTS

22. Except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____         3-31-10
DOROTHY R. MCLAUGHLIN             Date
Assistant United States Attorney

```
 1        I have read this agreement and carefully discussed every
 2   part of it with my attorney.  I understand the terms of this
 3   agreement, and I voluntarily agree to its terms.  My attorney has
 4   advised me of my rights, of possible defenses, of the Sentencing
 5   Guideline provisions, and of the consequences of entering into
 6   this agreement.  No promises or inducements have been made to me
 7   other than those contained in this agreement.  No one has
 8   threatened or forced me in any way to enter into this agreement.
 9   Finally, I am satisfied with the representation of my attorney in
10   this matter.
11
12   _____          3-31-10
     MAGDALENO CERVANTES                      Date
13   Defendant
14
15        I am Magdaleno Cervantes' attorney.  I have carefully
16   discussed every part of this agreement with my client.  Further,
17   I have fully advised my client of his rights, of possible
18   defenses, of the Sentencing Guidelines' provisions, and of the
19   consequences of entering into this agreement.  To my knowledge,
20   my client's decision to enter into this agreement is an informed
21   and voluntary one.
22
23   _____          March 31, 2010
     J. DAVID NICK, ESQ.                      Date
24   Counsel for Defendant
     Magdaleno Cervantes
25
26
27
28

                                    14
```